NO. 07-08-0457-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 27, 2009
_____

ASHLEY MCCALL STOKES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

NO. 121,944; HONORABLE W. F. "CORKY" ROBERTS, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON ABATEMENT AND REMAND**

Following a plea of guilty to the offense of driving while intoxicated appellant, Ashley McCall Stokes, was sentenced to confinement in the county jail for 120 days and was fined $500. The jail sentence was then probated for 18 months. The clerk's record was filed on December 15, 2008.

Texas Rule of Appellate Procedure 25.2(a)(2) requires that a trial court shall enter a Certification of Defendant's Right of Appeal each time it enters a judgment of guilt or other appealable order. TEX. R. APP. P. 25.2(a)(2); Hargesheimer v. State, 182 S.W.3d

906, 911 (Tex.Crim.App. 2006). An appeal must be dismissed if the certification has not been made part of the record under the applicable rules. TEX. R. APP. P. 25.2(d). An appellate court that has an appellate record that includes a certification is obligated to review the record to ascertain whether the certification is defective. Dears v. State, 154 S.W.3d 610, 615 (Tex.Crim.App. 2005).

Pursuant to an amendment to Rule 25.2(d), which became effective on September 1, 2007, the certification of defendant's right of appeal must be signed by the defendant and a copy must be given to her. TEX. R. APP. P. 25.2(d). Additionally, the certification shall include a notice that the defendant has been informed of her rights concerning appeal, as well as her right to file a *pro se* petition for discretionary review.[1]

The clerk's record does not contain a certification of appellant's right to appeal. Furthermore, it does not reflect whether a copy of the certification was given to the defendant nor does it indicate whether the defendant was given the required admonishments. Furthermore, our letter of December 17, 2008, directed the trial court to file a certification within 30 days. Additionally, our letter directed the trial court clerk to file a supplemental record containing the certification within 15 days from the date the certification was filed. To date, this court has not received a supplemental clerk's record containing a properly executed certification. See TEX. R. APP. P. 34.5(c)(1).

---

[1] The proper form for Certification of Defendant's Right of Appeal is contained in Appendix D of the 2008 Texas Rules of Appellate Procedure.

Consequently, we abate this appeal and remand the cause to the trial court for further proceedings.  See TEX. R. APP. P. 34.5(c)(2).  Upon remand, the trial court shall utilize whatever means necessary to secure a Certification of Defendant's Right of Appeal in compliance with Rule 25.2(d).  Once properly executed, the certification shall be included in a supplemental clerk's record and filed with the Clerk of this Court on or before March 16, 2009.  Id.

This order constitutes notice to all parties of the defective certification pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure.  See TEX. R. APP. P. 37.1.  If a supplemental clerk's record containing a proper certification is not filed in accordance with this order, this matter will be referred to the Court for dismissal.  See TEX. R. APP. P. 25.2(d).

It is so ordered.

Per Curiam

Do not publish.